COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia

CHARLES CROSS

v.   Record No.  1216-95-1                    OPINION BY
                                          JUDGE WILLIAM H. HODGES
NEWPORT NEWS SHIPBUILDING &                JANUARY 16, 1996
 DRY DOCK COMPANY

         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         John H. Klein (Rutter & Montagne, on brief), for
    appellant.

         Benjamin M. Mason (Mason & Mason, on brief), for
    appellee.


    Charles Cross ("claimant") appeals a decision of the

Workers' Compensation Commission granting the application of

Newport News Shipbuilding & Dry Dock Company ("employer") and

terminating claimant's award of benefits as of July 12, 1994.

Claimant contends that the commission improperly calculated the

500-week period of compensation available to him under the

Virginia Workers' Compensation Act ("the Act").  The commission

credited employer with the number of weeks for which claimant

received temporary total disability and permanent partial

disability benefits under the Longshore and Harbor Workers'

Compensation Act ("LHWCA") before the commission's December 16,

1991 award.  For the following reasons, we affirm in part and

reverse in part.

                              **I.**

    On December 11, 1984, claimant fractured his right leg while

working as a sandblaster for employer.  He applied for and

received 137.57 weeks of temporary total disability benefits under the LHWCA from December 12, 1984 through August 2, 1987. He also received 144 weeks of permanent partial disability benefits based upon a 50% impairment rating. Thus, he received benefits under the LHWCA for a period of 281.57 weeks.

On January 11, 1988, claimant filed a claim for benefits under the Act. On December 16, 1991, the commission entered an award in claimant's favor. Under this award, claimant received temporary total disability benefits from May 7, 1990 through July 12, 1994, totalling 218.27 weeks. Claimant received the same amount of weekly benefit, i.e., $250.97, under the LHWCA and the Act.

On December 22, 1994, employer filed an application, alleging a change in condition and requesting that the commission terminate claimant's award on the ground that he had received the maximum amount of compensation allowed under the Act, i.e., 500 weeks.

## II.

The commission's construction of the Act is entitled to great weight on appeal. City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985). However, courts are not authorized to amend, alter or extend the Act's provisions beyond their obvious meaning. Gajan v. Bradlick Co., Inc., 4 Va. App. 213, 217, 355 S.E.2d 899, 902 (1987).

Code § 65.2-500(D), which governs the payment of temporary

2

total disability benefits, provides as follows:

> In no case shall the period covered by such compensation be greater than 500 weeks, nor shall the total amount of all compensation exceed the result obtained by multiplying the average weekly wage of the Commonwealth as defined herein for the applicable year by 500, except that weekly compensation on account of total and permanent incapacity as defined by § 65.2-503 C shall continue for the lifetime of the injured employee without limit as to total amount.

Code § 65.2-503(F)(1), which governs the payment of permanent total and permanent partial disability benefits for the loss of or loss of use of a member, provides as follows:

> Compensation awarded pursuant to this section shall be in addition to all other compensation and shall be payable after payments for temporary total incapacity pursuant to Code § 65.2-500.[1]

In this case, the commission held that claimant had received the maximum amount of benefits allowed under the Act and terminated its award as of July 12, 1994, thereby crediting employer for 281.57 weeks during which claimant had received benefits under the LHWCA. In so ruling, the commission relied

---

[1] Under the LHWCA, temporary total disability benefits are computed by using 66 2/3% of the employee's average weekly wage. 33 U.S.C. § 908(b). Permanent partial disability benefits are computed using 66 2/3% of the employee's average weekly wage over the scheduled number of weeks for the specific body member. Id. at § 908(c). The loss of a leg is compensated over a period of 288 weeks. Id. at § 908(c)(2). Compensation for the permanent partial loss of such body member is awarded proportionately. Id. at § 908(c)(19). Similar to the Virginia Act, the LHWCA provides that compensation for permanent partial disability "shall be in addition to compensation for temporary total disability or temporary partial disability . . . ." Id. at § 908(c).

upon Calbeck v. Travelers Ins. Co., 370 U.S. 114, 131 (1962), to find that employees' awards under one compensation scheme are credited against any recovery under the second scheme. The commission refused to allow claimant a double recovery. See Noblin v. Randolph Corporation, 180 Va. 345, 23 S.E.2d 209 (1942). The commission has held in other cases that an employer is entitled to a credit for benefits paid under the LHWCA, even if the payments were made before entry of an award under the Act. See Moore v. Virginia Int'l Terminals, Inc., VWC No. 134-44-70 (December 1, 1994); McKnight v. Virginia Int'l Terminals, Inc., 69 O.I.C. 19 (1990) (employer entitled to credit for identical benefits paid under the LHWCA).

The commission's ruling allowing employer a credit for the 137.57 weeks during which claimant received temporary total disability benefits under the LHWCA prior to the December 16, 1991 award is supported by Calbeck and the commission's prior decisions. See also American Original Foods, Inc. v. Ford, 221 Va. 557, 561, 272 S.E.2d 187, 190 (1980). The General Assembly is presumed cognizant of the commission's construction of the Act. If such construction has long continued without change, the General Assembly is presumed to have acquiesced therein. Watford v. Colonial Williamsburg Found., 13 Va. App. 501, 505, 413 S.E.2d 69, 71-72 (1992). Accordingly, the commission did not err in allowing employer a credit equal to 137.57 weeks against its 500-week liability under the Act for temporary total disability

4

benefits.

However, the commission erred in allowing employer a 144-week credit, representing the number of weeks claimant received permanent partial disability benefits under the LHWCA, against employer's 500-week liability for temporary total disability benefits. This ruling is inconsistent with the plain language of Code § 65.2-503(F)(1) and case law interpreting that section.

Under the Act, permanent partial disability benefits awarded for the loss of use of a leg are "in addition to all other compensation." Benefits awarded under Code § 65.2-503 constitute indemnity for the loss of or loss of use of a scheduled body member. Such benefits are not awarded for loss of earning capacity, as are benefits provided for under Code § 65.2-500. Division of Motor Vehicles v. Williams, 1 Va. App. 401, 404, 339 S.E.2d 552, 554 (1986). Therefore, the commission erred in allowing employer a credit against its liability under Code § 65.2-500 equal to the 144 weeks of permanent partial disability paid to claimant under the LHWCA.[2]

For these reasons, we affirm in part and reverse in part and remand this case for the commission to enter an award consistent

---

[2]Claimant erroneously relies upon our holding in Bowden v. Newport News Shipbuilding & Dry Dock Co., 11 Va. App. 683, 688, 401 S.E.2d 884, 887 (1991). The sole issue addressed by this Court in Bowden related to whether the tolling provisions contained in Code § 65.1-87.1 saved Bowden's claim from the bar of the applicable statute of limitations. We did not address the issue presented in this case.

with this opinion.

        <u>Affirmed in part, reversed in part, and remanded.</u>