COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Duff and Overton
Argued by teleconference


DENNIS K. PENNINGTON
                                              OPINION BY
v.    Record No. 1680-98-4          JUDGE NELSON T. OVERTON
                                            AUGUST 17, 1999
SUPERIOR IRON WORKS AND
 LIBERTY MUTUAL FIRE INSURANCE COMPANY


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Nikolas E. Parthemos (Parthemos & Bryant,
              P.C., on brief), for appellant.

              J. David Griffin (Fowler, Griffin, Coyne &
              Coyne, P.C., on brief), for appellees.


     Dennis K. Pennington ("claimant") appeals a decision of the

Workers' Compensation Commission ("commission") denying his claim

for an award of permanent partial disability ("PPD") benefits.

Claimant contends the commission (1) abused its discretion in

denying him an award of PPD benefits beyond the 500-week

limitation, when the parties had agreed that such benefits were

payable; and (2) erred in finding that he was not entitled to an

award of PPD benefits after he received 500 weeks of temporary

disability benefits, even though his accident occurred before the

1991 amendments to the Workers' Compensation Act ("the Act").  For

the following reasons, we affirm the commission's decision.

     Claimant sustained a compensable injury on April 25, 1986.

Superior Iron Works and its insurer ("employer") accepted the

claim as compensable and paid claimant temporary total disability ("TTD") benefits for 500 weeks.

On December 19, 1996, claimant filed an application seeking an award of PPD benefits based upon a ten percent permanent loss of use to his right and left legs.

Employer's insurance representative acknowledged in a June 3, 1997 letter that a hearing was not required because employer had agreed to pay claimant PPD benefits.  The carrier represented to the commission that it had overpaid claimant $9,333.70 in TTD benefits and requested that the overpayment be deducted from claimant's PPD benefits.

Claimant's counsel appeared for the hearing on June 5, 1997, and gave the deputy commissioner a copy of the June 3, 1997 letter.

In an October 7, 1997 opinion, the deputy commissioner held that the insurer, who had failed to submit copies of the checks showing payment of TTD to claimant, had failed to prove an overpayment of TTD benefits.  However, the deputy commissioner denied the claimant's claim for PPD benefits based upon the commission's holding in Potter v. Crossroads Moving and Storage, Inc., 75 O.W.C. 337 (1996) (settled pending appeal to this Court).

The full commission affirmed the deputy commissioner's decision, finding that it had consistently held that the 1991 amendments to the Act providing for payment of PPD benefits in

excess of the 500-week limit could not be applied retroactively to a claimant's claim where the accident occurred before the effective date of the amendments. In addition, the commission found that the deputy commissioner did not abuse his discretion in ruling upon this issue.

## I.

The commission did not abuse its discretion in addressing the issue of whether the 1991 amendments to the Act could be applied retroactively. The parties did not submit formal stipulations, and the employer did not appear at the hearing. Although the parties apparently had agreed that claimant was entitled to PPD benefits, the commission was not required to ignore established precedent and award such benefits in contravention of the statute. In fact, claimant brought this issue to the forefront when he cited to Cross v. Newport News Shipbuilding and Dry Dock Co., 21 Va. App. 530, 465 S.E.2d 598 (1996), in his December 19, 1996 letter in which he submitted his claim for PPD benefits in excess of the 500-week limit. Based upon this record, we find no abuse of discretion by the commission.

## II.

On appeal, claimant relies solely upon the Cross decision in support of his argument. As the commission found, that reliance is misplaced. Cross dealt with whether payments made under the Longshore and Harbor Workers' Compensation Act

- 3 -

("LHWCA") could be credited against an employer's liability for payments under the Virginia Act.  The issue of whether the 1991 statutory change could be applied retroactively to an injury that occurred before the effective date of that change was not presented by the parties in <u>Cross</u> nor was it addressed by this Court, although Cross's accident occurred before the effective date of the 1991 statutory change.  As the commission correctly pointed out,

> [t]he issue before us, whether the 1991 Amendments to the Workers' Compensation Act are retroactive, apparently was not raised by either party nor was this issue addressed by the Court of Appeals.  Indeed, the <u>Cross</u> decision involved the interpretation of § 65.2-503(F)1 as it existed after the 1991 Amendments.  The <u>Cross</u> Court did not cite the statutory language as it existed before 1991, even though Cross's injury occurred in 1984.

In general, "[t]he right to compensation in cases of accidental injury is governed by the law in effect at the time of the injury."  <u>Island Creek Coal Co. v. Breeding</u>, 6 Va. App. 1, 10, 365 S.E.2d 782, 787 (1988).

> "Retrospective laws are not favored, and a statute is always to be construed as operating prospectively, unless a contrary intent is manifest; but the legislature may, in its discretion, pass retrospective and curative laws provided they do not partake of the nature of what are technically called <u>ex</u> <u>post</u> <u>facto</u> laws, and do not impair the obligation of contracts, or disturb vested rights; and provided, further, that they are of such nature as the legislature might have passed in the first instance to act prospectively."

<u>Cohen v. Fairfax Hosp. Ass'n</u>, 12 Va. App. 702, 705, 407 S.E.2d 329, 330-31 (1991) (citation omitted).  "[S]ubstantive rights are addressed in statutes which created duties, rights, or obligations.  In contrast, . . . procedural or remedial statutes merely set forth the methods of obtaining redress or enforcement of rights."  <u>Id.</u> at 705, 407 S.E.2d at 331.

The 1991 amendment recodifying former Code § 65.1-56 as Code § 65.2-503 provided that "[c]ompensation awarded pursuant to this section shall be in addition to all other compensation and shall be payable after payments for temporary total incapacity pursuant to § 65.2-500."  Code § 65.1-56, in effect at the time of claimant's accident, provided that PPD benefits "shall not extend the 500-week limit contained in § 65.1-54 or § 65.1-55."  In order for the 1991 statutory change "to apply retroactively, . . . it must be procedural in nature and affect remedy only, disturbing no substantive or vested rights.  The statute must also contain an expression of retrospective legislative intent."  <u>Cohen</u>, 12 Va. App. at 705, 407 S.E.2d at 331 (citations omitted).

Here, the 1991 statutory change was not merely procedural in nature.  It affected substantive and vested rights.  It obligated an employer to pay PPD benefits in excess of the 500-week limit, an obligation employer did not have pursuant to former Code § 65.1-56.  In addition, it provided a claimant with a new right.  Finally, the statutory change contained no

expression of a retrospective legislative intent.  Because the amendment constituted a substantive change in the law, the commission did not err in refusing to apply it retroactively to claimant's claim.

Based upon former Code § 65.1-56 in effect at the time of claimant's accident, he was not entitled to PPD benefits in excess of the 500-week limit.  The commission correctly applied former Code § 65.1-56 to the facts of this case in denying claimant's claim for PPD benefits.

For these reasons, we affirm the commission's decision.

Affirmed.