COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


DONALD M. FETT, JR.

                                   MEMORANDUM OPINION*

v.    Record No. 2961-99-1               PER CURIAM
                                   APRIL 18, 2000

WAYMAR, INC. & SPORT PATIOS OF TIDEWATER
AND
LIBERTY MUTUAL INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Melvin J. Radin, on brief), for appellant.

(William C. Walker; Donna White Kearney;
Taylor & Walker, P.C., on brief), for
appellees.


Donald M. Fett, Jr. contends that the Workers' Compensation

Commission erred in awarding him permanent partial disability

(PPD) benefits for only 61.29 weeks, which represented the

difference between 500 weeks and the number of weeks of benefits

he received from October 19, 1990 through March 16, 1999.  Fett

argues that he was entitled to an award of 180.25 weeks of PPD

benefits.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On October 18, 1990, Fett sustained a compensable injury by accident when he fell off a roof and shattered his heels. His employer, Waymar, Inc. and Sport Patios of Tidewater, accepted the claim and paid Fett temporary total disability (TTD) benefits and temporary partial disability (TPD) benefits from October 19, 1990 through August 10, 1999, a combined total of 459.75 weeks. On March 15, 1999, Fett filed an application seeking an award of 180.25 weeks of PPD benefits pursuant to Code § 65.2-503(B)(13). Fett based his application upon permanent partial disability ratings assigned by Dr. Michael Romash on November 15, 1995.

The commission found that Fett was entitled to an award of PPD benefits for 61.29 weeks, which represented the difference between 500 weeks and the number of weeks of benefits Fett received from October 19, 1990 through March 16, 1999. In so ruling, the commission terminated Fett's TPD award as of March 16, 1999 and awarded employer a credit for TPD benefits it paid beginning March 17, 1999 under the March 24, 1994 award.

The commission found as follows:

> In 1991, the [Workers' Compensation] Act was amended to provide that permanent partial disability benefits "shall be in addition to all other compensation." In other words, before the 1991 amendments, an employee could not receive more than 500 weeks of temporary total, temporary partial, and permanent partial benefits combined. After the 1991 amendments, an employee "could receive permanent partial incapacity benefits after 500 weeks of temporary total

-

or temporary partial benefits."  Here, the Claim was governed by the Act before the 1991 amendments, and thus [Fett] was entitled to a combined total of 500 weeks of temporary total, temporary partial, and permanent partial disability benefits.

Contrary to Fett's contention, the commission's findings are consistent with our decision in Pennington v. Superior Iron Works, 30 Va. App. 454, 517 S.E.2d 726 (1999).  "In general, '[t]he right to compensation in cases of accidental injury is governed by the law in effect at the time of the injury.'"  Id. at 458, 517 S.E.2d at 728 (quoting Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 10, 365 S.E.2d 782, 787 (1988)). Addressing the change in these compensation statutes, we recognized the following:

[T]he 1991 statutory change was not merely procedural in nature.  It affected substantive and vested rights.  It obligated an employer to pay PPD benefits in excess of the 500-week limit, an obligation employer did not have pursuant to former Code § 65.1-56.  In addition, it provided a claimant with a new right.  Finally, the statutory change contained no expression of a retrospective legislative intent.  Because the amendment constituted a substantive change in the law, the commission did not err in refusing to apply it retroactively to claimant's claim.

Pennington, 30 Va. App. at 459, 517 S.E.2d at 728.

Based upon former Code § 65.1-56, which is applicable to this case, and our decision in Pennington, we hold that the commission did not err in ruling that Fett was not entitled to PPD benefits in excess of the 500-week limit.  In awarding Fett

-

61.29 weeks of PPD benefits, "[t]he commission correctly applied former Code § 65.1-56 to the facts of this case."  Pennington, 30 Va. App. at 459, 517 S.E.2d at 728.  In short, under the law in effect at the time of Fett's injury, he was entitled to a total of 500 weeks of compensation, regardless of the type of benefits he received.

Finally, we find no merit in Fett's argument that the employer was required to commence paying of PPD benefits as of the date that Dr. Romash determined Fett's disability ratings. Fett cites no authority to support this argument, and we find none.  The Act provides for the filing of a change-in-condition application or agreement forms where there is an outstanding award and a claimant sustains a change in condition.  Fett was free to file an application for PPD benefits or seek an agreement from employer.  He did nothing until March 15, 1999, when he filed his change-in-condition application seeking an award of PPD benefits.

For these reasons, we affirm the commission's decision.

Affirmed.

-