COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


SUSAN ANN LeBLANC
                                        MEMORANDUM OPINION*
v.    Record No. 1332-01-3                  PER CURIAM
                                         OCTOBER 23, 2001
PETROLEUM MARKETERS, INC. AND
 LIBERTY MUTUAL INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Susan Ann LeBlanc, pro se, on brief).

            (Thomas H. Miller; Monica L. Taylor; Gentry
            Locke Rakes & Moore, on brief), for
            appellees.


      Susan Ann LeBlanc (claimant) contends that the Workers'

Compensation Commission erred in finding that she failed to

prove that she sustained (1) a loss of use of both arms as a

result of the compensable January 27, 1990 injury by accident

entitling her to an award of permanent total disability; and (2)

permanent partial impairment to her upper extremities as a

result of that injury by accident.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Permanent Total Disability

In denying claimant's application for an award of permanent total disability benefits for the loss of use of both of her arms, the commission found as follows:

> [T]he Deputy Commissioner reasonably relied upon the opinions of Drs. [Raymond F.] Morgan, [Murray E.] Joiner, and [Gerald M.] Aronoff to support his conclusion that the claimant's right arm complaints are not causally related to her original injury by accident.  Dr. Morgan treated [claimant] for eight years and stated that she did not have significant complaints of right arm pain or overuse symptoms during the course of this treatment.  He declined to causally relate the claimant's alleged right arm pain to her left arm condition or original injury, and stressed that developing these symptoms several years after an injury was quite unusual.  Neither Dr. Joyner's nor Dr. Aronoff's examinations revealed any pathology for the right upper extremity pain, continued left arm complaints, or a diagnosis of RSD.  Both physicians noted the claimant's normal diagnostic tests, and Dr. Joiner concluded that she was capable of full duty.  Dr. Aronoff assigned no impairment rating to her right upper extremity and also stated that the alleged problems with the left upper extremity

- 2 -

should not limit her capabilities for most activities. Similarly, pursuant to AMA Guidelines, Dr. Joiner assigned no ratable impairment to either of the claimant's upper extremities. Both Dr. Joiner and Dr. Aronoff disagreed that the alleged right upper extremity problem was related to the original injury by accident.

Dr. [Victor C.] Lee was the only physician to conclude that claimant had a significant impairment to both upper extremities, but he also acknowledged that experts could disagree regarding the diagnosis and symptoms of RSD. He conceded that his diagnosis might not be the only correct diagnosis and that his ratings were not based on, or otherwise in accordance with, AMA Guidelines.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission was entitled to weigh the medical evidence, to accept the opinions of Drs. Morgan, Joiner, and Aronoff, and to reject the opinion of Dr. Lee. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.

## Permanent Partial Disability

In denying claimant's application for permanent partial disability benefits, the commission found as follows:

> At the time of her injury on January 27, 1990, the Virginia Workers' Compensation Act (the Act) did not permit an injured employee to claim additional compensation for permanent partial disability after already receiving 500 weeks of wage loss benefits. Although the Act was amended in 1991, the amendment does not apply retroactively to a claim where the accident occurred before the effective date of the amendment. <u>See</u> <u>Pennington v. Superior Iron Works</u>, 30 Va. App. 454, 517 S.E.2d 726 (1999).

Based upon the statute in effect at the time of claimant's injury by accident and our holding in <u>Pennington</u>, the commission did not err in denying claimant's application for an award of permanent partial disability benefits.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>