COURT OF APPEALS OF VIRGINIA


Present:     Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Alexandria, Virginia


ALICE JOYCE GALLAHAN
                                                          OPINION BY
v.        Record No. 0822-03-4          CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                        NOVEMBER 25, 2003
FREE LANCE STAR PUBLISHING COMPANY
 AND HARTFORD FIRE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Peter M. Sweeny (Peter M. Sweeny, Esquire, P.C., on brief), for
        appellant.

        Roger L. Williams (John T. Cornett, Jr.; Williams & Lynch, on
        brief), for appellees.


        Alice J. Gallahan (claimant) contends the Workers' Compensation Commission

(commission) erred in finding that:  (1) Free Lance Star Publishing Company (employer)

properly filed an employer's application for hearing as required by Code § 65.2-706 and Rule

1.4(D), and (2) that employer's documentation accompanying its application established

probable cause for referral to the hearing docket.  For the reasons that follow, we affirm the

commission's decision.

                                          I.

        We view the evidence in the light most favorable to the employer, who prevailed below.

See Westmoreland Coal v. Russell, 31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999).  The

commission's factual findings are conclusive and binding on this Court when those findings are

based on credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382

S.E.2d 487, 488 (1989); Code § 65.2-706.

The evidence established that on February 28, 1996, claimant fell and sustained compensable injuries to her left knee, left wrist and left shin. Benefits were paid for various periods by awards with the commission. On September 21, 1999, claimant filed a change in condition application seeking temporary total disability benefits beginning September 16, 1999 and continuing. The deputy commissioner issued an opinion on March 20, 2000 awarding temporary total disability benefits beginning September 16, 1999 through November 1, 1999, and from December 28, 1999 and continuing. On March 22, 2000 employer timely requested review of that decision, and on March 28, 2000, claimant also requested timely review of that decision.

On March 31, 2000, while the decision of the deputy commissioner was pending review by the commission, employer filed an application for hearing with supporting documentation alleging that claimant had been released to her pre-injury work on March 13, 2000. Employer clearly stated on that application, where it requested the amount and date through which compensation was paid, that a review was pending.

On November 30, 2000, the commission reversed the deputy commissioner's March 20, 2000 award and limited the award of compensation to September 16, 1999 through November 1, 1999. Claimant appealed that decision to this Court and on November 13, 2001, we reversed the commission and remanded the case for an award of compensation consistent with our opinion. On July 8, 2002, the commission entered an award of temporary total disability benefits beginning September 16, 1999 through November 1, 1999, and from December 28, 1999 and continuing.

Upon issuance of the July 8, 2002 award by the commission, employer paid claimant temporary total disability benefits from September 16, 1999 through November 1, 1999 and December 28, 1999 through March 31, 2000, the date the employer filed its application alleging

claimant was able to return to her pre-injury work. On August 12, 2002, a senior claims examiner reviewed the employer's application of March 31, 2000 and referred it to the hearing docket. The matter was heard on the record and on October 10, 2002, the award of July 8, 2002 was terminated effective March 13, 2000 in accord with the employer's application and supporting medical documentation. Claimant requested review of that decision by the commission and on March 7, 2002, the decision was affirmed. Claimant appeals that decision.

II.

Claimant contends that employer failed to comply with the terms of Rule 1.4(D) and Code § 65.2-706 when it filed its application for hearing. Specifically, claimant argues that Code § 65.2-706(A) and Rule 1.4(D) do not suspend the payment of the award of the deputy commissioner while it is on appeal to the commission and that none of the exceptions in Rule 1.4 apply. Therefore, employer was required to pay benefits through the date of the application for hearing. We affirm the commission's decision and hold that the employer's application was properly filed and the suspension of payment until a final determination was made by the commission was in accordance with Code § 65.2-706 and Rule 1.4.

"'"Conclusions of the Commission upon questions of law, or mixed questions of law and fact, are not binding on [appeal]."'" Sinclair v. Shelter Constr. Corp., 23 Va. App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996) (quoting City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985) (quoting Brown v. Fox, 189 Va. 509, 517, 54 S.E.2d 109, 113 (1940))). "The Workers' Compensation Act is to be liberally construed for the benefit of employees . . . ." Harter, 1 Va. App. at 269, 337 S.E.2d at 903. "The commission's construction of the Act is entitled to great weight on appeal." Cross v. Newport News Shipbuilding and Dry Dock Co., 21 Va. App. 530, 533, 465 S.E.2d 598, 599 (1996) (citing Harter, 1 Va. App. at 269, 337 S.E.2d at 903).

Code § 65.2-706(A) provides:

> The award of the Commission, . . ., if not reviewed in due time, or an award of the Commission upon such review, . . ., shall be conclusive and binding as to all questions of fact. No appeal shall be taken from the decision of one Commissioner until a review of the case has been had before the full Commission, . . ., and an award entered by it. Appeals shall lie from such award to the Court of Appeals in the manner provided in the Rules of the Supreme Court.

Code § 65.2-706(C) provides:

> Cases so appealed shall be placed upon the privileged docket of the Court of Appeals and be heard at the next ensuing term thereof. In case of an appeal from the decision of the Commission to the Court of Appeals, or from the decision of the Court of Appeals to the Supreme Court, the appeal shall operate as a suspension of the award and no employer shall be required to make payment of the award involved in the appeal until the questions at issue therein shall have been fully determined in accordance with the provisions of this title.

Rule 1.4 provides in pertinent part:

> B. Each change in condition application filed by an employer under § 65.2-708 of the Code of Virginia shall:
>
>        *      *      *      *      *      *      *
>
> 4. State the date for which compensation was last paid.
>
> C. Compensation shall be paid through the date the application was filed, unless:
>
> 1. The application alleges the employee returned to work, in which case payment shall be made to the date of the return.
>
> 2. The application alleges a refusal of selective employment or medical attention or examination, in which case payment shall be made to the date of the refusal or 14 days before filing whichever is later.
>
> 3. The application alleges a failure to cooperate with vocational rehabilitation, in which case payment must be made through the date the application is filed.
>
> 4. An employer files successive applications, in which case compensation shall be paid through the date required by the first

application.  If the first application is rejected, payment shall be made through the date required by the second application.

5.  The same application asserts multiple allegations, in which case payment is determined by the allegation that allows the earliest termination date.

D.  An employer may file a change in condition application while an award is suspended.

In the instant case, the commission stated:

Rule 1.4(D) specifically allows employers to file applications when awards are suspended.  In addition, Code Section 706 provides that an award of the Commission is only conclusive and binding "if not reviewed in due time."  In this case, the parties filed timely requests for Review and therefore the Deputy Commissioner's March 20, 2000, Opinion was not final.  There was no final award in this case requiring the employer to pay compensation until the July 8, 2002, Opinion was entered.  We do not find that the Act or the Rules of the Commission require an employer filing an Application for Hearing to pay compensation through the date of filing the Application, *at the time of filing*, when there is no final award in the case.

(Emphasis in the original.)

"When a challenge is made to the commission's construction of its rules, the appellate court's review is limited to a determination of whether the commission's interpretation was reasonable.  The commission's interpretation will be accorded great deference and will not be set aside unless arbitrary or capricious."  Estate of Kiser v. Pulaski Furniture Co., 41 Va. App. 293, 299, 584 S.E.2d 464, 467 (2003) (citing Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129 n.2, 510 S.E.2d 255, 260 n.2 (1999) (citations omitted)).  See also Arellano v. Pam E. K's Donuts Shop, 26 Va. App. 478, 486, 495 S.E.2d 519, 521 (1998); Specialty Auto Body v. Cook, 14 Va. App. 327, 330, 416 S.E.2d 233, 235 (1992); Classic Floors, Inc. v. Guy, 9 Va. App. 90, 93, 383 S.E.2d 761, 763 (1989).

[T]he words "such award," as used in Code § [65.2-706], mean final award, that is, a decision of the [commission] granting or denying, or changing or refusing to change, some benefit payable or allowable under the Workers' Compensation Act and

> leaving nothing to be done except to superintend ministerially the execution of the award.

Jewell Ridge Coal Corp. v. Henderson, 229 Va. 266, 269, 329 S.E.2d 48, 50 (1985).  Clearly, in accordance with the Supreme Court's definition of a final award, a decision of a deputy commissioner is not final if the parties have filed a timely request for review with the commission.  By statute, a request for review empowers the commission to hear the case *de novo*, see Code § 65.2-705; Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 382-83, 363 S.E.2d 433, 438 (1987), and, therefore, it leaves more to be done than "ministerially" execute the award.  In the instant case, the deputy commissioner's order was issued March 20, 2000 and both claimant and employer requested a review of that award by the commission.  The requests for review by both parties prevented the deputy commissioner's award from becoming a final order.  See id. at 383, 363 S.E.2d at 438 (holding that when "the commission hears the case *de novo* it will not be bound by the findings of the deputy").  It is well settled in Virginia that a decision is not final until the period for appeal or review has expired.  See Code § 65.2-705, Rule 2.1(B), and Rule 3.  As the record in this case demonstrates, both sides filed their requests for review within the statutory 20-day period for requesting a review.  See Code § 65.2-705(A).  Therefore, we hold that while Code § 65.2-706(C) specifically suspends payment of an award while an appeal is pending from the commission to this Court, the commission's determination that a request for review of the deputy commissioner's award also suspends payment is not unreasonable.

When employer filed its application for hearing on March 31, 2000, the parties had sought review of the deputy commissioner's award.  Thus, claimant was not then entitled to temporary total disability benefits and employer was not required to make any payment of benefits at that time.  After the appeal was complete and a final decision was entered, employer complied with Rule 1.4 and made the appropriate payment of indemnity benefits to claimant.

Claimant's reliance on Mullins v. T&J Trucking, 73 Va. WC 56 (1994), is misplaced. In Mullins, the commission stated,

> According to Rule 1.4(C) of the Rules of the Workers' Compensation Commission, "[c]ompensation shall be paid through the date the [employer's] application [for hearing] was filed." If an employer does not pay compensation up to the filing date, the application is void *ab initio*. Specialty Auto Body v. Cook, 14 Va. App. 327, 416 S.E.2d 233 (1993).
>
> The employer contends that Rule 1.4(C), does not prescribe when compensation must be paid. Instead, the employer asserts that an employer's application for hearing is valid if, at any point in time, the employer pays compensation through the filing date.
>
> This interpretation of Rule 1.4(C) is incorrect. Under Rule 1.4(C), for an employer's application for hearing to be valid, compensation must be paid to the employee through the filing date at the time of filing.

However, Mullins did not involve an award that was the subject of a pending request for review. At the time the application for hearing was filed in Mullins, the award was final and claimant was entitled to indemnity benefits. Employer in Mullins alleged in the application that it had paid benefits through May 6, 1994 and three days after it filed the application, actually mailed the check for benefits through May 6, 1994. That is not the situation in the instant case. Additionally, we note that the employer in Specialty Auto Body suspended benefits due its employee under a final award two days before it filed its application for hearing. Therefore, it too is inapplicable to the facts of the instant case.

In the instant case, the commission's interpretation of its rules was not unreasonable, arbitrary or capricious and we affirm the decision of the commission.

III.

Employee next argues that employer's supporting documentation in its application for hearing was insufficient to establish the requisite probable cause for docketing because it did not include a copy of a job description.

"'"'Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court."'"' Allen & Rocks Inc. v. Briggs, 28 Va. App. 662, 673, 508 S.E.2d 335, 340 (1998) (quoting WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991))).

> The decisions of the commission since Rules 1.4 and 1.5 became effective in 1994 indicate it has interpreted its prehearing procedural rules to include a test that previously was stated expressly in its former Rule 13. An employer's application for hearing will be deemed not "technically acceptable" and will be rejected unless the employer's designated supporting documentation is sufficient to support a finding of probable cause to believe the employer's grounds for relief are meritorious. The commission has defined the standard of "probable cause" as "[a] reasonable ground for belief in the existence of facts warranting the proceeding complained of."

Circuit City Stores, Inc. v. Scotece, 28 Va. App. 383, 386-87, 504 S.E.2d 881, 883 (1998) (internal citations omitted).

Dr. Kurt Larson's report was attached to the employer's application. It states: "Has [appellant] reached maximum medical improvement? YES. Can [appellant] return full duty to her previous position as a circulation cashier for [appellee] at this time? YES." The letter containing these conclusions indicated appellant's job description had been sent to Dr. Larson. The employer's failure to attach to the application the job description which had been reviewed by Dr. Larson before he authorized her return to pre-injury employment does not defeat the commission's "probable cause" rule. The doctor's report itself provides reasonable grounds for a belief that facts exist warranting the proceeding. The accuracy of the job description the doctor saw when he made his determination is an issue for hearing, not a matter for a claims examiner to evaluate. We hold that the commission did not err when it found that the supporting

documentation was sufficient to support a finding of probable cause to refer the matter to the hearing docket.

For the foregoing reasons, we affirm the decision of the commission.

<u>Affirmed.</u>