COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, Chafin and Malveaux
Argued at Salem, Virginia


PARAMONT COAL COMPANY
 VIRGINIA, LLC AND
 SUMMIT POINT INSURANCE COMPANY

MEMORANDUM OPINION* BY
v.      Record No. 1658-17-3      JUDGE ROSSIE D. ALSTON, JR.
                                   APRIL 17, 2018

CARSON VANOVER


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Timothy W. Gresham (Kendra R. Prince; Penn, Stuart & Eskridge,
> on brief), for appellant.
>
> Paul L. Phipps (Paul L. Phipps, P.C., on brief), for appellee.


Paramont Coal Company Virginia, LLC (appellant) argues that the Workers'

Compensation Commission (Commission) erred when it awarded permanent total disability

benefits to Carson Vanover (appellee).  Appellant specifically contends that appellee failed to

provide sufficient evidence demonstrating that he suffered from sufficient pulmonary function

loss pursuant to Code § 65.2-504(A)(4).  Ultimately, appellant's argument amounts to an issue of

statutory interpretation.  We disagree with appellant's interpretation and affirm the

Commission's award.

BACKGROUND

Appellee, currently employed by appellant, was notified that he was diagnosed with coal

workers' pneumoconiosis on April 13, 2015.  The diagnosis was based on Dr. Kathleen

DePonte's examination of a March 20, 2015 x-ray.  Prior to that notification, appellee

---

\* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"completed more than 90 shifts" and "was exposed to coal mine dust" while employed by appellant. The uncontroverted evidence was that appellee had been a coal miner for fifty years. Appellee filed a claim for benefits under the Workers' Compensation Act (Act) on May 5, 2015 requesting staged benefits and lifetime benefits. The deputy commissioner designated to hear the matter resolved the claim based on the stipulations submitted. The issue before the deputy commissioner was whether appellee established that he has "the occupational disease of coal workers' pneumoconiosis and, if so, to what extent." The deputy commissioner opined that appellee "contracted a compensable occupational disease as a consequence of his exposure to coal dust while working for [appellant.]" The deputy commissioner further found that appellee qualified for stage three benefits pursuant to Code § 65.2-504(A)(3). This determination was supported by the findings of the Pulmonary Committee and three other doctors. In this regard, appellee's "x-ray show[ed] the presence of abnormalities consistent with coal workers' pneumoconiosis that has advanced" to the requisite extent; Category A large opacities were discovered. The deputy commissioner noted the contrary findings of three other doctors. The deputy commissioner explained that even though contrary opinions existed, the findings of the Pulmonary Committee and the first set of three doctors satisfied the preponderance standard. Thus, appellee was awarded stage three benefits commencing April 13, 2015 for 300 weeks and medical benefits for as long as necessary to treat his coal workers' pneumoconiosis.

Subsequently, appellee then filed a claim alleging a change in condition and sought permanent total disability. Regarding this claim, Deputy Commissioner Wise requested written statements from the parties on the interpretation of Code § 65.2-504(A)(4). In those statements, appellee advanced a disjunctive reading of the statute pursuant to Flanary v. Moose Coal Co., 76 O.W.C. 119 (1997), and appellant advanced a conjunctive reading of the statute pursuant to subsequent Commission opinions. Wise resolved the claim based on the stipulations and

statements submitted. Wise noted the conflicting interpretations and opined that the statute was to be read in the conjunctive. And according to the medical evidence, Wise found that appellee established that "he has coal workers' pneumoconiosis medically determined to be a Category A large opacity under the I.L.O. classification, that he obtained a restriction from work in a mine or dusty environment, and that he is in fact, not presently working." The remaining element to be established was whether appellee demonstrated "sufficient pulmonary function loss as shown by approved medical tests and standards to render him unable to do manual labor in a dusty environment." After reviewing the medical evidence, Wise concluded that appellee did not establish such loss and denied his claim.

Appellee filed a request for review by the full Commission. The Commission ordered appellee to file a written statement and appellant to file a responsive statement. The parties complied, setting forth the same arguments submitted to Wise. In its review opinion, the Commission overruled their opinions post-dating Flanary and applied the interpretation propounded in that opinion. The Commission indicated it must adhere to the plain language of the statute. The Commission concluded that the statute states the elements in the disjunctive with its use of "or," and there was no indication the legislature intended "or" to be read conjunctively. Appellee was also required to establish that he was "instructed by competent medical authority not to attempt to do work in any mine or dusty environment and [that] he is in fact not working" due to the placement of the conjunctive "and" prior to that text. Therefore, according to the Commission, to qualify for lifetime benefits under Code § 65.2-504(A)(4), appellee must prove one of the following:

> (1) he suffers from coal workers' pneumoconiosis medically determined to be A, B, or C under the I.L.O. classifications, and he has been instructed not to work in a mine or dusty environment by competent medical authority, and he is not working,
> *or* (2) he suffers from coal workers' pneumoconiosis involving progressive massive fibrosis, and he has been instructed not to

- 3 -

work in a mine or dusty environment by competent medical authority, and he is not working,

*or* (3) there is sufficient pulmonary function loss as shown by approved medical tests and standards to render him unable to perform manual labor in a dusty environment, and he has been instructed not to work in a mine or dusty environment by competent medical authority, and he is not working.

(Emphasis added).

Considering the plain language of the statute and the unchallenged findings, the Commission found that appellee "satisfied the requirements of [] Code § 65.2-504(A)(4)." Accordingly, the Commission reversed the finding of Deputy Commissioner Wise and awarded appellee permanent total disability benefits.

Now comes this appeal.

ANALYSIS

"On review on appeal, we must defer to the [C]ommission's findings of fact if supported by credible evidence in the record." Diaz v. Wilderness Resort Ass'n & Liberty Mutual Ins. Co., 56 Va. App. 104, 114, 691 S.E.2d 517, 522 (2010). "When a challenge is made to the [C]ommission's construction of its rules, [our] review is limited to a determination of whether the [C]ommission's interpretation was reasonable. The [C]ommission's interpretation will be accorded great deference and will not be set aside unless arbitrary or capricious." Gallahan v. Free Lance Star Publ'g Co., 41 Va. App. 694, 700, 589 S.E.2d 12, 15 (2003) (quoting Estate of Kiser v. Pulaski Furniture Co., 41 Va. App. 293, 299, 584 S.E.2d 464, 467 (2003)). Regarding issues of statutory interpretation,

"[a]lthough 'the practical construction given to a statute by public officials charged with its enforcement is entitled to great weight by th[is] [C]ourt[] and in doubtful cases will be regarded as decisive," [S.] Spring Bed Co. v. State Corp. Comm'n, 205 Va. 272, 275, 136 S.E.2d 900, 902 (1964), "when an issue involves a pure question of statutory interpretation, that issue does not invoke the agency's specialized competence but is a question of law to be decided by

the courts." All. to Save the Mattaponi v. Commonwealth, 270 Va. 423, 442, 621 S.E.2d 78, 88 (2005).

Diaz, 56 Va. App. at 114, 691 S.E.2d at 522.

"[T]his Court is 'not bound by the [C]ommission's legal analysis in this or prior cases.'" Ragland v. Muguruza, 59 Va. App. 250, 255, 717 S.E.2d 842, 845 (2011) (quoting Peacock v. Browning Ferris, Inc., 38 Va. App. 241, 248, 463 S.E.2d 368, 371 (2002)). "As with any question of statutory interpretation, our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." Prophet v. Bullock Corp., 59 Va. App. 313, 316, 718 S.E.2d 477, 479 (2011) (quoting Ruby v. Cashnet, Inc., 281 Va. 604, 609, 708 S.E.2d 871, 873-74 (2011)). "When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation would result in a manifest absurdity." Hammer v. D.S., 67 Va. App. 388, 399, 796 S.E.2d 454, 459 (2017) (quoting Va. Dep't of Corr. v. Surovell, 290 Va. 255, 268, 776 S.E.2d 579, 586 (2015)). "Language is ambiguous when it may be understood in more than one way, or simultaneously refers to two or more things." Halifax Corp. v. Wachovia Bank, 268 Va. 641, 653, 604 S.E.2d 403, 408 (2004) (quoting Lee-Warren v. Sch. Bd., 241 Va. 442, 445, 403 S.E.2d 691, 692 (1991)). We are "not free to add language, nor to ignore language, contained in statutes." Id. (quoting Signal Corp. v. Keane Fed. Sys., 265 Va. 38, 46, 574 S.E.2d 253, 257 (2003)).

When interpreting the Act, it "is to be liberally construed for the benefit of employees." Gallahan, 41 Va. App. at 698, 589 S.E.2d at 14 (quoting City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985)). "That liberality, however, has its limits. We cannot 'permit a liberal construction to change the meaning of the statutory language or the purpose of the Act.'" Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73, 577 S.E.2d 538, 540 (2003) (quoting Am. Furniture Co. v. Doane, 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985)).

At issue is the interpretation of Code § 65.2-504(A)(4), a provision of the Act. Accordingly, while we assign great weight to the Commission's interpretation, our review is *de novo*. Diaz, 56 Va. App. at 114, 691 S.E.2d at 522. Turning to the text of the statute, Code § 65.2-504(A)(4) states in pertinent part

> An employee eligible for an award for coal worker's pneumoconiosis benefits shall be compensated according to the following schedule.
>
> . . . .
>
> For coal worker's pneumoconiosis medically determined to be A, B or C under the I.L.O. classifications *or* which involves progressive massive fibrosis, *or* for any stage of coal worker's pneumoconiosis when it is accompanied by sufficient pulmonary function loss as shown by approved medical tests and standards to render an employee totally unable to do manual labor in a dusty environment and the employee is instructed by competent medical authority not to attempt to do work in any mine or dusty environment and if he is in fact not working, it shall be deemed that he has a permanent disability and he shall receive 66 2/3 percent of his average weekly wage as defined in § 65.2-101 during the three years prior to the date of filing of the claim, up to 100 percent of the average weekly wage of the Commonwealth as defined in § 65.2-500 for his lifetime without limit as to the total amount.

(Emphasis added).

A plain reading of the statute justifies a disjunctive reading of the text of the statute. "[T]he use of the disjunctive word 'or,' rather than the conjunctive 'and,' signifies the availability of alternative choices." Rose v. Commonwealth, 53 Va. App. 505, 514, 673 S.E.2d 489, 493 (2009) (quoting Lewis v. Commonwealth, 267 Va. 302, 314-15, 593 S.E.2d 220, 227 (2004)). Here, the legislature's use of "or" separates the ways in which an individual may satisfy the requirements of the statute. Our unpublished opinion in Four "O" Mining Corp. v. Deel,

No. 0083-17-3, 2017 Va. App. LEXIS 158 (Va. Ct. App. June 27, 2017) provides additional

support:[1]

> The absence of class A, B or C opacities and progressive massive
> fibrosis, however, does not render [the claimant] ineligible for
> lifetime wage benefits.  A worker is still entitled to lifetime wage
> benefits if he is not working and his pneumoconiosis results in
> "sufficient pulmonary function loss as shown by approved medical
> tests and standards to render an employee totally unable to do
> manual labor in a dusty environment and the employee is
> instructed by competent medical authority not to attempt to do
> work in any mine or dusty environment . . . ."

Id. at *18-19 (quoting Code § 65.2-504(A)(4) and demonstrating a disjunctive reading of the

statute).

The following factual findings stand unchallenged:  appellee established that he had "coal

workers' pneumoconiosis medically determined to be a Category A large opacity under the

I.L.O. classification, he obtained the restriction from work in a mine or dusty environment . . . ,

and he was, in fact, not working."  Accordingly, appellee met his burden and is entitled to an

award of permanent total disability.

Considering the Commission's interpretation, in its review opinion, the Commission

advanced a disjunctive interpretation of the statute, approved the interpretation set forth in

Flanary, and overruled subsequent conflicting case law.  76 O.W.C. 119 (1997).  Flanary is also

instructive:

> the various elements of [Code] § 65.1-56.1(A)(4) are stated in the
> disjunctive and that compensation may be awarded for permanent
> total disability if any one of the requirements are met.  The
> claimant's evidence satisfies the requirement of showing
> pneumoconiosis medically determined to be Category A, and we
> affirm the finding of permanent total disability on this basis.  We
> also note for the record that two physicians have reported that he is
> unable to perform manual labor in a dusty environment, but this

---

[1] "Although not binding precedent, unpublished opinions can be cited and considered for
their persuasive value."  Otey v. Commonwealth, 61 Va. App. 346, 350 n.3, 735 S.E.2d 255, 257
n.3 (2012) (citing Rule 5A:1(f)).

> conclusion is not based on a "sufficient pulmonary function loss"
> . . . and we, therefore, do not rely on it in affirming the award.

Id. at *3-4, aff'd, 27 Va. App. 201, 497 S.E.2d 912 (1998), and 257 Va. 237, 514 S.E.2d 147 (1999) (referring to a prior version of Code § 65.2-504(A)(4)).

Appellant, on the other hand, would have us read the statute conjunctively. This amounts to appellant asking that we change the word "or" to "and." We recognize that "[whenever] it is necessary to effectuate the obvious intention of the legislature, disjunctive words may be construed as conjunctive, and vice versa." Indus. Dev. Auth. v. La France Cleaners & Laundry Corp., 216 Va. 277, 280, 271 S.E.2d 879, 882 (1975) (quoting S. E. Pub. Serv. Corp. v. Commonwealth, 165 Va. 116, 112, 181 S.E. 448, 450 (1935)). There is nothing to suggest that the legislature's "obvious intention" was for this Court to read the statute conjunctively. Accordingly, because the language of the statute is unambiguous, we are bound by its plain meaning. Hammer, 67 Va. App. at 399, 796 S.E.2d at 459.

### CONCLUSION

In light of our *de novo* review and recognizing the great weight placed on the Commission's interpretation of Code § 65.2-504(A)(4), we find that based upon the plain language of the statute, the correct interpretation of Code § 65.2-504(A)(4) is in the disjunctive. Accordingly, appellee sustained his evidentiary burden. Thus, we affirm the Commission's award of permanent total disability.

Affirmed.