UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Ortiz, Chaney and Senior Judge Haley
Argued at Richmond, Virginia


PAUL JOSEPH FRANKLIN

MEMORANDUM OPINION[*] BY
v.        Record No. 0221-22-2                          JUDGE DANIEL E. ORTIZ
MAY 30, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Kimberley S. White, Judge[1]

Jennifer Jones, Assistant Public Defender (Vikram Kapil, Public
Defender; Michael Hartley, Assistant Public Defender, on briefs),
for appellant.

Matthew J. Beyrau, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The repeal of Code § 18.2-104 is not retroactive, and a trial court may properly convict a

defendant under the enhanced punishment scheme when the crime occurred prior to July 1, 2021.

Paul Franklin appeals the denial of his pre-trial motion to dismiss the enhanced punishment for

petit larceny under Code § 18.2-104.  Franklin argues he could not be convicted of a felony third

offense under Code § 18.2-104 because after he was indicted, but before his trial occurred, Code

§ 18.2-104 was repealed.[2]  Franklin appeals the denial of his pre-trial motion and asserts the trial

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

[1] The Honorable Kimberley S. White presided over the proceedings below.  Now a
member of this Court, Judge White took no part in this decision.

[2] Code § 18.2-104 was the law in effect both at the time that Franklin committed larceny
and at the time he was indicted.  However, it was repealed before Franklin was actually
convicted.  The Virginia General Assembly repealed Code § 18.2-104 by 2021 Va. Acts, Special
Session I, with an effective date of July 1, 2021.

court violated his due process rights in sentencing him under the enhanced punishment statute. We apply the principles set out in *Gionis*[3] and uphold Franklin's conviction.

BACKGROUND

On January 31, 2021, Danielle Seamster's purse was stolen from her unlocked vehicle which was parked under the carport at her home. The purse and items within it were valued at $100. Seamster observed footsteps in the snow outside of her home, and her husband discovered that their mailbox had been damaged. The Seamsters reported the incident to the sheriff's office.

Sergeant Joey Adams responded to a report of a reckless driver who had struck several mailboxes. The suspect vehicle was described as green-colored, with different colored doors, and broken windows covered in duct tape. Adams located a vehicle matching the description he was given and pulled behind the vehicle, which was parked in a driveway.

Paul Joseph Franklin was identified as the driver and was the sole occupant of the vehicle when Adams approached. Adams observed a tan-colored purse in plain view on the passenger side floorboard that matched the description of Seamster's stolen purse. Further investigation revealed the purse was in fact Seamster's stolen bag, and additional items belonging to Seamster were recovered from Franklin's jacket pocket.

Franklin was arrested and charged with petit larceny, third offense. Only July 1, 2021, while Franklin's case was pending, the General Assembly repealed Code § 18.2-104.[4] Franklin subsequently filed a motion to dismiss the enhanced punishment, stating that the repeal of Code § 18.2-104 was retroactive and prevented the Commonwealth from continuing the felony prosecution against him. The trial court denied Franklin's motion, stating:

---

[3] *Gionis v. Commonwealth*, 76 Va. App. 1 (2022).

[4] Code § 18.2-104 elevated the penalty for a third offense larceny from a misdemeanor to a felony.

[There is a] presumption that when the General Assembly acts that statutes are prospective in nature in the absence of some expressed provision otherwise. . . . And they, in fact, have not stated otherwise in any way, shape, or form when, in fact, they could have. . . .

. . . .

And then the other issue, I think, that we look at is, in fact, whether or not the legislative change -- was it a substantive change or was it merely a procedural change. . . .

In the case before the Court it is in no way simply a procedural change. . . . [W]ith a felony not only comes enhanced punishment that can be imposed, but comes a myriad of rights that are affected. I can't think of any more substantive -- more substantive change.

Following a bench trial in October 2021, the trial court found Franklin guilty of petit larceny, third offense, in violation of Code §§ 18.2-96 and 18.2-104. It sentenced Franklin to five years, with three years and six months suspended. This appeal followed.

ANALYSIS

On appeal, Franklin argues that the trial court erred in convicting him of larceny, third or subsequent offense—a felony—instead of simple misdemeanor larceny. He argues that the trial court erred in convicting him under the felony enhancement of Code § 18.2-104 because it was repealed by the General Assembly before he was convicted. Thus, he argues that this conviction violates his procedural due process rights. Because we previously held in *Gionis v. Commonwealth*, 76 Va. App. 1 (2022), that the repeal of Code § 18.2-104 is not retroactive, Franklin's argument fails.

I. The trial court did not err in denying Franklin's motion to dismiss the enhanced punishment because the offense occurred prior to the repeal of Code § 18.2-104 and the repeal is not retroactive.

*a. Standard of Review*

Whether the General Assembly's repeal of Code § 18.2-104 has retroactive effect on this case is an issue of statutory interpretation. It therefore presents "a pure question of statutory law

- 3 -

that this Court reviews *de novo*." *McCarthy v. Commonwealth*, 73 Va. App. 630, 638-39 (2021). "When construing a statute, [the appellate court's] primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." *Blake v. Commonwealth*, 288 Va. 375, 381 (2014) (quoting *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 425 (2012)). When the language of a statute is unambiguous, a court is "bound by the plain meaning of that language." *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007).

### b. Code § 18.2-104 is not retroactive.

Franklin asserts that the trial court erred by denying his motion to dismiss the felony enhancement under Code § 18.2-104 because, at the time of the motion, the code section was repealed and unavailable to the prosecution. However, Code § 18.2-104 was in full force when Franklin committed the offense and when the criminal proceedings began. We previously stated in *Gionis*: "[g]iven that both the criminal offense and the proceedings . . . commenced before the repeal of Code § 18.2-104 went into effect, the plain language of Code § 1-239 prevents this Court from considering the repeal of Code § 18.2-104 as being effective in [a later] prosecution." 76 Va. App. at 11. Furthermore, Franklin's contention goes against the general principles of statutory construction, recognized under Virginia law, that "legislation only speaks prospectively." *Booth v. Booth*, 7 Va. App. 22, 26 (1988); *see also McCarthy*, 73 Va. App. at 647 ("[I]nterpreting a law to apply retroactively is not favored.").

There are two exceptions to this general rule against retroactivity. *McCarthy*, 73 Va. App. at 647. First, a statute is retroactive "when the text of the statute contains 'explicit terms' demonstrating its retroactive effect," which is not the case here. *Id.* Second, laws may be retroactive if they affect "remedial or procedural rights rather than substantive or vested" ones. *Id.* When a statutory amendment effects a change in both substance and procedure, the courts

- 4 -

will not give the statute retroactive effect. *Pennington v. Superior Iron Works*, 30 Va. App. 454, 459 (1999).

Franklin inappropriately seeks refuge under the second exception and argues that the repeal of Code § 18.2-104 disturbs only procedural rights. Because the repeal impacts what penalty defendants may be subjected to, it impacts more than procedural rights. In *McCarthy*, this Court determined that a statutory amendment was substantive when it removed a criminal punishment for certain conduct. 73 Va. App. at 650. This Court has already determined Code § 18.2-104 is substantive "because it reduces the criminal punishment for certain conduct" by "eliminat[ing] a group or class of felony for those who had committed a third or subsequent larceny offense." *Gionis*, 76 Va. App. at 14.

Franklin was properly charged with enhanced punishment that was available at the time he committed the offense. Because the trial court did not err in convicting Franklin under Code § 18.2-104, we affirm the trial court.

> II. The trial court did not violate Franklin's procedural due process rights by denying his motion to dismiss the enhanced punishment.

Franklin's second claim that his procedural due process rights were violated fails because he does not make a cognizable procedural due process argument. Procedural due process ensures that when the government deprives an individual of "life, liberty, or property" it does so in a fair manner. *United States v. Salerno*, 481 U.S. 739, 746 (1987). Procedural due process requires that a person "have reasonable notice and opportunity to be heard" before any such deprivation. *McManama v. Plunk*, 250 Va. 27, 34 (1995); *see also Jackson v. W.*, 14 Va. App. 391, 411 (1992) ("Due process is a flexible concept, and the procedural protections required in a certain instance vary according to the circumstances of the particular case."). Franklin does not claim that he was deprived a hearing before being sentenced but, rather, that it would be "inequitable" and "unjust" for a "sliver of the population" to be convicted under a more severe

punishment scheme. Franklin contends that the trial court violated his rights to procedural due process "by denying Mr. Franklin's motion to dismiss the enhanced punishment pursuant to Virginia Code § 18.2-104, which has been repealed by the Virginia General Assembly and is no longer an available punishment for the crime of petit larceny." Franklin's due process argument is predicated on his contention that the enhanced punishment under Code § 18.2-104 became legally unavailable after the statute's repeal in July 2021. These claims are not cognizable under the procedural due process doctrine, and as such, this assignment of error provides no basis for appellate relief. Because Franklin failed to adequately raise a procedural due process concern, we affirm the trial court.

CONCLUSION

For the above reasons, the repeal of Code § 18.2-104 is not retroactive and Franklin did not raise a cognizable procedural due process claim. We affirm.

*Affirmed.*