COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Lemons
Argued at Norfolk, Virginia


CIRCUIT CITY STORES, INC. AND
 LIBERTY MUTUAL INSURANCE COMPANY
                                          OPINION BY
v.   Record No. 0294-98-1            JUDGE LARRY G. ELDER
                                        SEPTEMBER 29, 1998
RAYMOND SCOTECE


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              R. Ferrell Newman (Thompson, Smithers,
              Newman & Wade, on brief), for appellants.

              No brief or argument for appellee.



     Circuit City Stores, Inc., and Liberty Mutual Insurance

Company (collectively "employer") appeal an order of the Workers'

Compensation Commission ("commission") rejecting employer's

application for a hearing based upon a change in condition and to

suspend benefits previously awarded to Raymond Scotece

("claimant").  Employer contends the commission erred when it

concluded that the supporting documentation filed with employer's

application failed to establish probable cause to believe

employer's claims were meritorious.  For the reasons that follow,

we affirm.

                              I.

                            FACTS

     In 1994, claimant suffered a compensable back injury.

Claimant and employer subsequently executed a memorandum of

agreement providing claimant with medical and temporary total

disability benefits.  Employer compensated claimant pursuant to

their agreement until September 30, 1997.

On September 30, 1997, employer filed an application alleging a change in condition with the commission. In the application, employer requested the suspension of claimant's benefits on two grounds: (1) "[claimant's] current disability is unrelated to the industrial accident," and (2) "[c]laimant has been removed from the job market for reasons unrelated to his compensable accident." In support of its first ground of relief, employer designated a letter from Dr. Bruce I. Tetalman, claimant's treating physician for pain management but not his back injury. In the letter, dated July 24, 1997, Dr. Tetalman stated that claimant's work-related injury had reached maximum medical improvement and that he "can work in above sedentary capacity." Dr. Tetalman set forth several restrictions for any work performed by claimant. Dr. Tetalman also noted that claimant "appears to have apparent psychiatric problems that are unrelated to the work injury and that may impact upon his ability to work at these capacities."

Regarding its second ground of relief, employer designated a letter from Joyce W. Conner, a vocational counselor for CorVel Corporation, as the supporting documentation. In her letter, dated September 2, 1997, Ms. Conner stated that employer had contacted her regarding claimant. She stated that they previously had concluded "it would not be reasonable to pursue vocational rehabilitation placement efforts for [claimant] based

2

on his unrelated psychiatric condition." She stated she recently spoke to an employer who stated "they might possibly be able to consider [claimant]" if his work hours were increased. Ms. Conner concluded her letter by stating "it is unfortunate that [claimant] is unable to participate actively in job search placement efforts."

A senior claims examiner found no probable cause justifying a suspension of claimant's benefits and refused to docket employer's application for a hearing. Employer appealed the claims examiner's determination, and the full commission affirmed. The commission reasoned that, even if claimant's psychiatric problems were unrelated to his compensable injury, none of employer's supporting documentation tended to prove that claimant's continuing disability was unrelated to his compensable injury or that claimant had refused to participate in vocational rehabilitation.

## II.

### PROBABLE CAUSE TO JUSTIFY HEARING EMPLOYER'S APPLICATION

Employer argues that the commission erred when it concluded that the letters written by Dr. Tetalman and Ms. Conner were insufficient to establish probable cause that either of its grounds for relief was meritorious. We disagree.

This case involves the application of the commission's prehearing procedural rules. Under Commission Rule 1.4(A) and (B), an employer's application for hearing based upon a change in

condition must be in writing and under oath and must state the grounds for relief and the date for which compensation was last paid. In addition, the employer must designate and send to the employee copies of the documentation supporting its application. See Commission Rule 1.4(A). Under Commission Rule 1.5(A), the commission is required to review the employer's application for compliance with the Workers' Compensation Act and the commission's rules. At this preliminary stage, whether an employer is entitled to a suspension of benefits and to a hearing on the merits of its application hinge upon whether its application is "technically acceptable." See Commission Rule 1.5(C).

The decisions of the commission since Rules 1.4 and 1.5 became effective in 1994 indicate it has interpreted its prehearing procedural rules to include a test that previously was stated expressly in its former Rule 13. An employer's application for hearing will be deemed not "technically acceptable" and will be rejected unless the employer's designated supporting documentation is sufficient to support a finding of probable cause to believe the employer's grounds for relief are meritorious.[1] See, e.g., Mixon v. Bay Area Movers & Storage,

---

[1] Employer does not contend that this interpretation of the commission's rules regarding the prehearing disposition of an employer's application is unreasonable. See Specialty Auto Body v. Cook, 14 Va. App. 327, 330, 416 S.E.2d 233, 235 (1992) (stating that the commission's interpretation of its rules "'will not be set aside unless arbitrary and capricious'").

4

Inc., VWC File No. 169-52-56 (Va. Workers' Comp. Comm'n Apr. 21, 1997); Robinson v. Dynalectric, VWC File No. 170-12-48 (Va. Workers' Comp. Comm'n June 13, 1996); Sadoff v. Mary's Flower Shop, VWC File No. 167-44-65 (Va. Workers' Comp. Comm'n Apr. 19, 1995); Graham v. Consolidated Stores Corp., VWC File No. 161-81-78 (Va. Workers' Comp. Comm'n Sept. 29, 1994).[2]  The commission has defined the standard of "probable cause" as "[a] reasonable ground for belief in the existence of facts warranting the proceeding complained of."  Mixon, VWC File No. 169-52-56 (quoting Black's Law Dictionary 1081 (5th ed. 1979)).

Applying these rules to this case, we hold that the commission did not err when it affirmed the claims examiner's conclusion that the supporting documentation designated by employer was insufficient to support a finding of probable cause to believe that either of employer's grounds for relief was meritorious.  First, Dr. Tetalman's letter of July 24, 1997 does

---

[2]The relevant portion of former Rule 13 stated:

> All applications by an employer or insurer shall be under oath and shall not be deemed filed and benefits shall not be suspended until the supporting evidence which constitutes a legal basis for changing the existing award shall have been reviewed by the Commission, or such of its employees as may be designated for that purpose, and a determination made that probable cause exists to believe that a change in condition has occurred.

Dillard v. Industrial Comm'n of Va., 416 U.S. 783, 790 n.9, 94 S. Ct. 2028, 2033 n.9, 40 L. Ed. 2d 540 (1974) (quoting former Commission Rule 13).

5

not support employer's allegation that claimant's "current disability is unrelated to the industrial accident." In fact, Dr. Tetalman's opinion supports the opposite conclusion. He opined that claimant was still partially disabled and that this disability was "[b]ased on the work-related injury." Although the doctor also opined that claimant "appears to have apparent psychiatric problems that are unrelated to the work injury," nothing in his letter tends to prove that these psychiatric problems prevented claimant from returning to light duty employment. Instead, the doctor merely opined that these problems "may impact" claimant's ability to work. It is well established that "[a] medical opinion based on a 'possibility' is irrelevant [and] purely speculative." Spruill v. Commonwealth, 221 Va. 475, 479, 271 S.E.2d 419, 421 (1980).

In addition, Ms. Conner's letter failed to provide any evidentiary support for employer's allegation that "[c]laimant has been removed from the job market for reasons unrelated to his compensable accident." Although Ms. Conner stated "it would not be reasonable to pursue vocational rehabilitation placement efforts for [claimant] based on his unrelated psychiatric condition," her letter does not indicate how she could competently conclude that claimant's "psychiatric problems" prevented him from participating in vocational rehabilitation. Even if Ms. Conner had read Dr. Tetalman's letter, the doctor's letter provided no support for the conclusion that claimant's

6

psychiatric problems <u>actually affected</u> his ability to work at the restricted level approved by the doctor.  Furthermore, none of employer's designated supporting documentation indicated the nature of claimant's psychiatric problems.  The commission held that it could not accept a vocational rehabilitation worker's opinion as medical evidence of claimant's psychological condition.  Regardless of her qualifications to render such an opinion, Ms. Conner could not have assessed the disabling effect of claimant's unknown psychiatric problems on his fitness for vocational rehabilitation without resorting to speculation regarding the nature of these problems.  Furthermore, credible evidence supports the commission's finding that "[u]ntil vocational rehabilitation is actually offered to the claimant, he has not refused to participate in vocational rehabilitation."

For the foregoing reasons, we affirm the decision of the commission.

<u>Affirmed</u>.

7