COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Agee
Argued at Chesapeake, Virginia


FLUOR CORPORATION AND
 CONTINENTAL CASUALTY COMPANY

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1383-01-1          JUDGE G. STEVEN AGEE
                                      DECEMBER 4, 2001
JOEL W. BEASLEY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION


          Fay F. Spence (Richard E. Garriott, Jr.;
          Clarke, Dolph, Rapaport, Hardy & Hull,
          P.L.C., on brief), for appellants.

          B. Mayes Marks, Jr. (Marks and Williams,
          P.C.,  on brief), for appellee.


     Fluor Corporation and its insurer, Continental Casualty

Company, (collectively "the employer") appeal an order of the

Workers' Compensation Commission ("the commission") rejecting

the employer's application for a hearing based upon a change in

condition and to suspend benefits previously awarded to Joel W.

Beasley ("the claimant").  The employer contends the commission

erred when it concluded that the supporting documentation filed

with the employer's application failed to establish probable

cause to believe the employer's claims were meritorious.  For

the reasons that follow, we affirm.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

On appeal, the employer argues that the commission erred when it concluded that the employer's application and evidence were insufficient to establish probable cause that a change in condition had occurred and that the relief sought was meritorious.[1]  We disagree and affirm the decision of the commission.

---

[1] Upon receipt of the employer's application, a senior claims examiner for the commission declined to docket the matter for hearing for the following reasons:

> A thorough review of the evidence leads us to conclude that the employee was justified in refusing to participate in the telephone/telemarketing course offered by the employer.  For obvious reasons, it would not appear appropriate to require a person with a back injury to drive over one hour each way to attend an all-day workshop in which the employee would be required to sit for the duration of the training.  More importantly, Section 65.2-603, Code of Virginia, provides that vocational rehabilitation services "shall take into account the employee's pre-injury job and wage classifications, his age, aptitude, and level of education."  This employee is an experienced crane operator, who, at 60 years of age, was earning an average weekly wage of $1,224.00.  This employee's background as it relates to employment and training in telemarketing, is not consistent with the requirements set forth in Section 65.2-603, Code of Virginia.

-

This appeal involves the application of the commission's pre-hearing procedural rules to the facts of this case. To carry out the provisions of the Workers' Compensation Act, the commission has the power to make and enforce rules not inconsistent with the Act. See Code § 65.2-201. When a challenge is made to the commission's construction of its rules, "our review is limited to a determination whether the commission's interpretation of its own rule was reasonable." Classic Floors, Inc. v. Guy, 9 Va. App. 90, 93, 383 S.E.2d 761, 763 (1989).

Under Commission Rule 1.4, an employer's application for hearing based upon a change in condition must be in writing and under oath and must state the grounds for relief and the date for which compensation was last paid. In addition, the employer must designate and send to the claimant copies of the

---

> . . . Inasmuch as the employee has no previous experience in this area of training and for the reasons stated above, we cannot find that this employee has unjustifiably failed to cooperate with vocational rehabilitation efforts. . . .
>
> Under the circumstances, we decline to find probable cause which would justify a suspension of compensation benefits and require this matter to be scheduled for a hearing.

This decision was upheld on review by the full commission, which added "we find that it is not reasonable to expect that a man with this background would be easily trained in computer skills and telemarketing."

-

documentation supporting its application.  See Commission Rule 1.4(A).  Under Commission Rule 1.5, the commission is required to review the employer's application for compliance with the Workers' Compensation Act and the commission's rules.  At this preliminary stage, whether an employer is entitled to a suspension of benefits and to a hearing on the merits of its application hinge upon whether its application is "technically acceptable."  See Commission Rule 1.5(C).

If the commission deems the application to be lacking in probable cause, the application will be deemed "technically unacceptable" and a hearing will not be scheduled.  The commission has defined the "probable cause" standard as "'[a] reasonable ground for belief in the existence of facts warranting the proceeding complained of.'"  Circuit City Stores, Inc. v. Scotece, 28 Va. App. 383, 387, 504 S.E.2d 881, 883 (1998) (citation omitted).  We have upheld this test and its standard.  See id.

Applying these rules and the probable cause standard to this case, we hold that the commission did not err when it affirmed the claims examiner's conclusion that the supporting documentation designated by the employer was insufficient to support a finding of probable cause to warrant the relief sought.

An employer who contends that a claimant has failed to cooperate with job placement services bears the initial burden

-

of proving that the vocational training offered was appropriate to the claimant's capacity.  See Code § 65.2-603(A)(3).  There is nothing in the employer's supporting documentation to suggest the employer can meet this burden.  The employer does not provide in its documentation an offer of proof that the vocational training would be appropriate for the claimant. Rather, it only provided the commission with the fact that a customer service training program was offered to the claimant and he refused on the basis that it was inappropriate for him. Therefore, we cannot conclude that the commission's interpretation of its rules to find a lack of probable cause was unreasonable.

Accordingly, we affirm the decision of the commission.

<u>Affirmed.</u>

-