COURT OF APPEALS OF VIRGINIA

Present:   Judges Clements, Haley and Beales
Argued at Richmond, Virginia


FOOD LION, LLC AND
   DELHAIZE AMERICA, INC.
                                                              OPINION BY
v.       Record No. 0190-07-2                    JUDGE JEAN HARRISON CLEMENTS
                                                          DECEMBER 11, 2007
CHARLES H. DALTON


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           Dov M. Szego (William B. Pierce, Jr.; David G. Browne; William B.
           Pierce & Associates, PLLC, on brief), for appellants.

           No brief or argument for appellee.


       Food Lion, LLC and Delhaize America, Inc., (collectively, employer) appeal a decision

of the Workers' Compensation Commission (commission) refusing to docket for a hearing

employer's application alleging Charles H. Dalton (claimant) unjustifiably refused selective

employment with employer and seeking the suspension of claimant's open award of temporary

partial disability benefits on that basis.  Employer contends the commission erred in concluding

employer's application and supporting documentation failed to provide probable cause to justify

referring the application to the commission's hearing docket.  We agree with employer and,

therefore, reverse the decision of the commission and remand the case for referral to the

commission's hearing docket.

                                    I.  BACKGROUND

       The relevant facts are not in dispute.  On October 2, 2004, claimant suffered a

compensable injury to his left foot while working for employer.  After receiving medical care, he

was released to light duty work and returned to work with employer on November 8, 2004.

Claimant was suspended from work on November 9, 2004, and fired on November 29, 2004, after employer learned that claimant had been convicted of aggravated sexual battery on October 28, 2004.

On December 17, 2004, employer filed with the commission an agreement to pay benefits form and a termination of wage loss award form. Accepting the agreement to pay benefits form, the commission entered an order on January 4, 2005, awarding claimant temporary total disability benefits of $197.94 per week from October 28, 2004, to November 7, 2004, and temporary partial disability benefits of $51.27 per week beginning November 8, 2004, and continuing. However, the commission rejected the termination of wage loss award form and advised employer that a new, properly completed form would need to be filed.

After a number of unsuccessful attempts to get claimant to sign another termination of wage loss award form, employer filed an employer's application for hearing form on May 26, 2006, alleging a change in the circumstances that warranted claimant's partial disability award. The application indicated that employer sought suspension of claimant's open award for temporary partial disability benefits on the ground that claimant unjustifiably refused selective employment within his physical capacity on November 29, 2004, the date he was fired because of his felony conviction. The application further indicated that employer paid compensation to claimant through May 13, 2006, as required by Commission Rule 1.4(C)(2).[1]

As supporting evidence for the application, employer submitted copies of the October 28, 2004 and December 10, 2004 orders of the circuit court convicting claimant of aggravated sexual battery and sentencing him to ten years in prison; the July 8, 2005 order of this Court denying

---

[1] Commission Rule 1.4(C)(2) provides, in pertinent part, that "[c]ompensation shall be paid through the date the application was filed, unless . . . [t]he application alleges a refusal of selective employment . . . , in which case payment shall be made to the date of the refusal or 14 days before filing, whichever is later."

claimant's petition for appeal; and the March 10, 2006 order of our Supreme Court refusing claimant's petition for appeal. Employer also submitted a copy of its personnel policy stating that an employee "convicted of a criminal offense may be subject to dismissal." Employer submitted no medical records with the application.

By letter dated June 23, 2006, a senior claims examiner for the commission rejected employer's May 26, 2006 application for a hearing, finding that it did not provide probable cause "to suspend compensation and grant a hearing." Employer appealed that decision to the full commission.

On December 21, 2006, the full commission affirmed the senior claims examiner's decision not to refer employer's application to the hearing docket, holding that the application and supporting documentation failed to provide probable cause to believe employer's claim was meritorious because employer did not submit contemporaneous medical evidence showing that claimant had only partial, rather than total, work capacity as of May 13, 2006, the date through which benefits were paid. In reaching that decision, the commission noted that claimant would be entitled to benefits if he were totally disabled as of May 13, 2006, and that the most recent medical evidence in the record concerned claimant's work capacity in November 2004, which "[was] irrelevant to an application filed in 2006." Thus, the commission concluded, there was no probable cause to believe that "grounds exist[ed] at a time proximate to May 13, 2006, to modify, suspend, or terminate the outstanding award."

By order dated January 16, 2007, the commission denied employer's motion to reconsider, and this appeal followed.

## II. ANALYSIS

On appeal, employer contends the commission erred in affirming the senior claims examiner's refusal to docket employer's May 26, 2006 application for a hearing on the ground

- 3 -

that employer failed to submit contemporaneous medical evidence that claimant had only partial

work capacity as of May 13, 2006. Given that the award of benefits employer sought to have

suspended was an open award for temporary partial disability benefits and that neither party

alleged a change in claimant's physical condition, the submission of such evidence was, as a

matter of law, not needed in this case to establish probable cause to believe employer's claim

was meritorious, employer argues. Thus, employer concludes, the commission erroneously held

that employer's application and supporting documentation failed to provide the requisite

probable cause to docket the application for a hearing. We agree with employer.

This appeal involves the commission's application of its prehearing procedural rules to

the circumstances of this case.

> The commission has the power to make and enforce rules not
> inconsistent with the Workers' Compensation Act in order to carry
> out the provisions of the Act. Additionally, the commission has
> the power to interpret its own rules. When a challenge is made to
> the commission's construction of its rules, the appellate court's
> review is limited to a determination of whether the commission's
> interpretation was reasonable. The commission's interpretation
> will be accorded great deference and will not be set aside unless
> arbitrary or capricious.

Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129 n.2, 510 S.E.2d 255, 260 n.2 (1999)

(en banc) (citations omitted).

Pursuant to Commission Rule 1.4, an employer's application for a hearing based on a

change in condition "must state the grounds for relief."[2] Circuit City Stores, Inc. v. Scotece, 28

---

[2] Commission Rule 1.4 provides, in pertinent part, as follows:

> A. An employer's application for hearing shall be in
> writing and shall state the grounds and the relief sought. At the
> time the application is filed with the Commission, a copy of the
> supporting documentation shall be sent to the employee and a copy
> to the employee's attorney, if represented.

Va. App. 383, 386, 504 S.E.2d 881, 883 (1998). In addition, the employer must submit

sufficient supporting documentation with the application to establish the requisite probable cause

to justify docketing the application for a hearing on its merits:

> Under Commission Rule 1.5(A), the commission is required to review the employer's application for compliance with the Workers' Compensation Act and the commission's rules. At this preliminary stage, whether an employer is entitled to a . . . hearing on the merits of its application hinge[s] upon whether its application is "technically acceptable." See Commission Rule 1.5(C).[3]
>
> . . . An employer's application for hearing will be deemed not "technically acceptable" and will be rejected unless the employer's designated supporting documentation is sufficient to support a finding of probable cause to believe the employer's grounds for relief are meritorious. The commission has defined the standard of "probable cause" as "[a] reasonable ground for belief in the existence of facts warranting the proceeding complained of."

---

> B. Each change in condition application filed by an employer under § 65.2-708 of the Code of Virginia shall:
>
> 1. Be in writing;
> 2. Be under oath;
> 3. State the grounds for relief; and
> 4. State the date for which compensation was last paid.

[3] Commission Rule 1.5 provides, in pertinent part, as follows:

> A. After receipt the Commission shall review the claim or application for compliance with the Workers' Compensation Act and Rules of the Commission.
>
> *        *        *        *        *        *        *
>
> C. If the employer's application is technically acceptable, the opposing party shall be permitted up to 15 days from the date the application was filed to present evidence in opposition to the application.

Id. at 386-87, 504 S.E.2d at 883 (footnote added) (quoting Mixon v. Bay Area Movers & Storage, Inc., No. 169-52-56 (Va. Workers' Comp. Comm'n Apr. 21, 1997)).

Applying these principles to this case, we conclude that the commission's interpretation of its rules to reject employer's application for lack of probable cause because employer did not submit contemporaneous medical evidence that claimant had only partial work capacity as of May 13, 2006, was unreasonable. For one thing, nothing in the commission's record suggested that claimant's already-established partial work capacity had changed between November 8, 2004, and May 13, 2006.

Indeed, it is undisputed that, following his compensable injury on October 2, 2004, claimant was released to light duty work and returned to work with employer in that capacity on November 8, 2004. On December 17, 2004, employer filed a fully executed agreement to pay benefits form stipulating that claimant was entitled to receive temporary partial disability benefits beginning November 8, 2004. The commission accepted that agreement and entered an order on January 4, 2005, awarding claimant temporary partial disability benefits based on his return to selective employment as of November 8, 2004, and continuing.

It is also undisputed that employer's May 26, 2006 application for a hearing was based solely on employer's allegation that claimant had unjustifiably refused selective employment with employer when he was discharged for cause on November 29, 2004, as a result of his October 28, 2004 felony conviction. Moreover, neither party alleged or submitted evidence, in connection with the application or otherwise, that there was any change in claimant's physical condition or work capacity. It is clear, therefore, that employer's application for a hearing concerned only a "change in the conditions under which compensation was awarded . . . which would affect the right to, amount of, or duration of compensation" and not "a change in physical condition of the employee." Code § 65.2-101 (defining the term "change in condition").

Under these circumstances, the submission of contemporaneous medical evidence that claimant had only partial, rather than total, work capacity as of the date through which benefits were paid was not required to establish probable cause to believe claimant remained only partially disabled as of that date. Because nothing in the record suggested claimant's work capacity had changed between November 8, 2004, and May 13, 2006, the open award for partial disability benefits itself provided the requisite probable cause.

For another thing, the commission's decision in this case was inconsistent with its prior interpretation of its rules in Peters v. M & W Construction, Inc., No. 167-37-20, 2003 VA Wrk. Comp. LEXIS 1463 (September 30, 2003), rev'd on other grounds, Uninsured Employer's Fund v. Peters, 43 Va. App. 731, 601 S.E.2d 687 (2004), a case factually analogous to this one. In Peters, the claimant, who was receiving temporary partial disability benefits subject to an open award, was incarcerated in September 2001. In 2003, the Uninsured Employer's Fund (fund) filed an application seeking to suspend the claimant's benefits based on his incarceration. A deputy commissioner entered an award suspending claimant's open award for temporary partial disability benefits effective December 27, 2001. The claimant argued on appeal to the full commission that the fund's application should have been dismissed because the fund failed to submit contemporaneous medical evidence that he had been medically released to perform selective employment, as required by Code § 65.2-510.1. The commission rejected the claimant's argument, reasoning as follows:

> We disagree with the claimant's contention that 65.2-510.1(iii) requires an employer to provide "new" proof that an incarcerated claimant—who is currently receiving temporary partial disability compensation based upon his release to selective employment— has been medically re-released to perform selective employment as a condition of suspending the claimant's outstanding award for disability compensation. Code 65.2-510(iii) [sic] does not apply when it has previously been established that a claimant has been released to selective employment and is receiving temporary partial disability compensation. Instead, the additional

- 7 -

> requirement of providing a medical release to selective employment applies when an employer seeks to suspend an incarcerated claimant's award of temporary total disability compensation based upon the employee's ability to perform selective employment.
>
> Here, the record reflects that the claimant had already been released to perform selective employment and that he was under an outstanding award for temporary partial disability compensation when he was incarcerated on September 22, 2001, based upon his federal drug conviction. Under the circumstances, the Deputy Commissioner did not err when he suspended the claimant's award for temporary partial disability compensation pursuant to Code 65.2-510.1.

Peters, 2003 VA Wrk. Comp. LEXIS 1463, at *5-*6. Although the instant application to suspend benefits was based on Code § 65.2-510, rather than Code § 65.2-510.1, logic dictates that the commission should have applied the same underlying rationale in this case. Accordingly, we conclude the commission's contradictory decision in this case was unreasonable.

We hold, therefore, that the commission erred in determining that employer's application and supporting documentation were insufficient to provide probable cause to believe employer's claim was meritorious because employer failed to submit contemporaneous medical evidence that claimant had only partial work capacity as of May 13, 2006. Given that claimant was receiving compensation pursuant to an open award for partial disability benefits, that employer's application for a hearing did not allege a change in condition based on a change in claimant's physical condition or work capacity, and that neither party alleged or submitted evidence of a change in claimant's physical condition or work capacity, such contemporaneous medical evidence was unnecessary to establish the requisite probable cause. Thus, employer's application and supporting documentation were sufficient to justify referring the application to the commission's hearing docket, and the commission erred in affirming the senior claims examiner's refusal to do so.

## III.  CONCLUSION

For these reasons, we reverse the commission's decision and remand this case to the commission for referral of employer's application to the commission's hearing docket.

Reversed and remanded.
