COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Russell and AtLee
Argued by videoconference

PENSKE TRUCKING COMPANY L/P EPES CARRIERS
 AND HARTFORD UNDERWRITERS
 INSURANCE COMPANY

v.     Record No. 0449-20-3

JERODERICK LAWSON

MEMORANDUM OPINION* BY
JUDGE RICHARD Y. ATLEE, JR.
OCTOBER 27, 2020

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Robert M. McAdam (KPM Law, on brief), for appellants.

James B. Feinman (James B. Feinman & Associates, on brief), for
appellee.

Appellants argue that the Workers' Compensation Commission ("Commission") erred

when it affirmed a Commission staff attorney's rejection of their application for hearing because

no probable cause existed to refer the application to the hearing docket. For the following

reasons, we affirm.

I. BACKGROUND

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing

below." Hoffman v. Carter, 50 Va. App. 199, 205 (2007). Here, Jeroderick Lawson sustained a

compensable injury by accident on October 23, 2017. A November 13, 2018 award order

granted him temporary total disability beginning October 31, 2017, as well as continuing and

lifetime medical benefits for injuries to the lumbar and cervical spine.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On December 27, 2019, appellants filed an employer's application for hearing ("hearing application") seeking termination of the November 13, 2018 award, alleging that Lawson was released to pre-injury work by his treating physician on July 16, 2019. Appellants' hearing application relied upon a letter, dated December 17, 2019, from Dr. Peter Konieczny in support. The letter stated that Dr. Konieczny was board certified in psychiatry and neurology, that he examined Lawson on July 15, 2019, and that he had released Lawson to work without restrictions effective July 16, 2019, because "[t]here was no medical basis to keep Mr. Lawson from returning to work without restrictions." Attached to this letter was an exhibit, dated July 15, 2019, indicating that Lawson had been seen at "the CMG Neurology 2811 practice on 07/15/2019." The form contained several checkboxes. It stated that "[t]his patient may return to work on 07/16/2019"; however, none of the following boxes were checked to indicate if Lawson was being released with "No Restrictions" or "with the following restrictions." Nor did the form bear Dr. Konieczny's signature.

In Lawson's response to appellants' hearing application, he explained that he reached out to Dr. Konieczny concerning how the December 17, 2019 letter conflicted with the conclusions from the functional capacity evaluation ("FCE") performed April 2, 2019. The FCE had found ongoing significant limitations, and it concluded that Lawson could perform "sedentary" work only, while his pre-injury work had a "medium" level of physical demand. In a letter dated January 7, 2020, Dr. Konieczny stated that he had "no data or information that contradicts the findings of the FCE and therefore adopt[s] its findings and recommendations on an ongoing permanent basis."

A staff attorney with the Commission reviewed appellants' hearing application and Lawson's response to determine if probable cause existed to place it on the hearing docket. She determined that it did not and rejected the application.

Appellants filed a February 3, 2020 request for review with the full Commission. They asserted: (1) that the staff attorney applied an incorrect definition of probable cause, and (2) that the submitted evidence presented a question which a deputy commissioner, not a staff attorney, should adjudicate.[1] The Commission rejected these arguments. Reviewing the matter *de novo*, the Commission found that "Dr. Konieczny has been equivocal about the claimant's current capabilities" and concluded that there was not sufficient credible evidence to warrant a finding of probable cause. It affirmed the staff attorney's denial.

## II. ANALYSIS

"Decisions of the [C]ommission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." Gallahan v. Free Lance Star Publ'g Co., 41 Va. App. 694, 703 (2003) (quoting Allen & Rocks Inc. v. Briggs, 28 Va. App. 662, 673 (1998)). "When a challenge is made to the [C]ommission's construction of its rules, the appellate court's review is limited to a determination of whether the [C]ommission's interpretation was reasonable." United Parcel Serv., Inc. v. Ilg, 54 Va. App. 366, 372 (2009).

"An employer's application for hearing will be deemed not 'technically acceptable' and will be rejected unless the employer's designated supporting documentation is sufficient to support a finding of probable cause to believe the employer's grounds for relief are meritorious." Circuit City Stores, Inc. v. Scotece, 28 Va. App. 383, 386 (1998). "The [C]ommission has defined the standard of 'probable cause' as '[a] reasonable ground for belief in the existence of facts warranting the proceeding complained of.'" Ilg, 54 Va. App. at 372 (second alteration in original) (quoting Scotece, 28 Va. App. at 387). This standard "is designed to serve as a

---

[1] Appellants raise these same arguments on appeal to this Court. We do not address the argument regarding their purported entitlement to review by a deputy commissioner instead of a staff attorney because this Court only reviews appeals from "final decision[s]" of the Commission, Code § 17.1-405(2), and the Commission did not reach this argument.

screening device for eliminating obviously unmeritorious applications for hearings filed by insurers and employers." Id. (quoting Dillard v. Industrial Comm'n of Virginia, 416 U.S. 783, 795 (1974)).

The Commission reviewed appellants' hearing application and found the statements made by Dr. Konieczny, the sole expert opinion upon whom appellants relied, insufficient to establish probable cause. The Commission concluded that Dr. Konieczny provided "contradictory information" and had been "equivocal" regarding Lawson's current physical capabilities. Contrasted with the far more familiar—and far different—scenario where there are dueling expert opinions, here the contradictory opinions were provided by Dr. Konieczny alone. The only contemporaneous evidence from the July 15, 2019 examination was ambiguous, as it failed to specify whether Lawson could return to work with or without restrictions, despite there being a prompt to do so via the checkboxes on the form. Further, the form did not appear to have been prepared or signed by Dr. Konieczny. Finally, in his January 7, 2020 letter, Dr. Konieczny wrote that he has "no data or information that contradicts the findings of the FCE and therefore adopt[s] its findings and recommendations on an ongoing permanent basis." Dr. Konieczny's equivocations, coupled with the ambiguity in the form from the July 15, 2019 examination, support the Commission's conclusion that appellants failed to present an adequate showing of probable cause to merit a hearing in this case.

III.  CONCLUSION

Because the Commission did not err in finding that probable cause did not exist to refer appellants' hearing application to the docket, we affirm.

Affirmed.