UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Raphael and White
Argued at Richmond, Virginia


VILLAGE AVENUE MANAGEMENT, LLC, ET AL.

MEMORANDUM OPINION[*] BY
v.        Record No. 1672-23-2          JUDGE STUART A. RAPHAEL
OCTOBER 22, 2024

JESSICA SCHOFIELD


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Brian J. McNamara (Scott C. Ford; Ford Richardson, P.C.,
on briefs), for appellants.

Corey R. Pollard (Jenkins, Block, & Associates P.C., on
brief), for appellee.


The employer here contests a ruling by the Workers' Compensation Commission denying

its request for a "successive" hearing on the ground that employer failed to show that such a

hearing was warranted.  We reject employer's argument that the Commission erred in

interpreting its own rules to impose a probable-cause standard for successive hearings.  We also

find no error in the Commission's conclusion that the employer's hearing application failed to

establish probable cause to justify a hearing.  We thus affirm the Commission's decision.

BACKGROUND[1]

In December 2022, Jessica Schofield injured her left ankle while teaching an ice-skating

class.  Schofield filed a claim for benefits with the Commission, identifying herself as an

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] "On appeal from a decision of the Commission, 'the evidence and all reasonable
inferences that may be drawn from that evidence are viewed in the light most favorable to the
prevailing party below.'" *Jalloh v. Rodgers*, 77 Va. App. 195, 200 n.2 (2023) (quoting *City of
Charlottesville v. Sclafani*, 70 Va. App. 613, 616 (2019)).

employee of appellant, Village Avenue Management, LLC ("employer"). Schofield sought temporary-total-disability benefits and payments for medical bills, mileage, and prescriptions. Schofield and employer signed an award agreement in January 2023. The agreement granted Schofield temporary-total-disability benefits beginning on December 17, 2022, and lifetime medical benefits "for reasonable, necessary[,] and authorized medical treatment" for her left-ankle injury.

On May 10, 2023, employer applied for a hearing with the Commission, seeking to suspend Schofield's benefits on the ground that she had returned to "light-duty work at or before April 1, 2023" but had failed to report her earnings. Employer sought to change Schofield's award from temporary-total- to temporary-partial-disability benefits. It also sought a determination of any overpayment. The Commission referred the May 10 application to the docket for a hearing. Schofield's compensation was suspended pending the disposition of employer's application.

On July 10, 2023, employer applied to the Commission for a second hearing (a "successive" hearing). This time, employer wanted to vacate Schofield's award entirely "based upon fraud, mutual mistake of fact/mistake, imposition, misrepresentation, concealment, and/or in furtherance of full and complete justice." Employer asserted that Schofield's December 2022 injury occurred while she working as an independent contractor, not an employee.

Employer attached to its July 10 application portions of Schofield's deposition and an affidavit from an insurance adjuster who had been assigned to Schofield's claim. Schofield said in her deposition that, when she taught group ice-skating lessons, she did so as an employee of employer. But when she taught a private lesson, she was "under the impression" that she was an independent contractor. Schofield "[didn't] know the legalities of it"; she would "just turn in [her] payments and the rink [would] write[] [her] a check." Schofield confirmed that she

- 2 -

received a W-2 tax form for her earnings from group classes and a 1099 form for her earnings from private lessons. The insurance adjuster swore in his affidavit that Schofield never told him that she was teaching a private lesson or working as an independent contractor on the date of her injury. He said that Schofield reported to him that she was injured while teaching a small-group lesson. He added that if Schofield had said she was working as an independent contractor when she was injured, he "would not have recommended acceptance of her claim." Still, neither the insurance adjuster's affidavit nor anything else in employer's application alleged any facts to show that Schofield was, in fact, teaching a private lesson when she was injured.

Schofield moved to dismiss employer's July 10 application. She asserted that it was "undisputed that [she] suffered an injury when teaching [a] group lesson[]." She added that her deposition and the insurance adjuster's affidavit supported her position and identified no fraud.

Although the deputy commissioner found probable cause to refer employer's July 10 application for a hearing, the Commission disagreed. The Commission found "insufficient [evidence] to establish . . . a reasonable probability that [employer] will succeed on the merits of its application." Even though employer provided evidence that Schofield gave both private and group lessons, there was "no evidence suggesting that [Schofield] was performing a private lesson rather than a group lesson at the time of the accident." Schofield's deposition and the insurance adjuster's affidavit showed that Schofield reported that she was injured while providing a group lesson, not a private lesson. And employer submitted "no evidence to establish [that] [Schofield] attempted to mislead or defraud them." Thus, the Commission found no probable cause to establish that Schofield's application was tainted by fraud, concealment, misrepresentation, imposition, or mistake. This appeal followed.[2]

---

[2] Employer moved to reconsider, but the Commission did not act on that motion before employer had to file its notice of appeal.

ANALYSIS

Employer argues that the Commission erred in applying a probable-cause standard to its July 10 application. Assuming such a standard applies, employer argues that the Commission erred in finding no probable cause and in failing to consider some of employer's other legal theories. We address each argument in turn.

### A. *The Commission's interpretation of its rules (Assignment of Error I)*

The standard of review for a claim that the Commission misapplied its own rules is deferential. Our review is limited to determining whether the Commission's interpretation was reasonable. *Marks v. Henrico Drs.' Hosp./HCA*, 73 Va. App. 293, 296 (2021) (citing *Diaz v. Wilderness Resort Ass'n*, 56 Va. App. 104, 114 (2010)). The Commission's interpretation of its rules is afforded "great deference," *Rusty's Welding Serv., Inc. v. Gibson*, 29 Va. App. 119, 129 n.2 (1999) (en banc), and that interpretation will not be set aside unless it is "arbitrary and capricious," *Marks*, 73 Va. App. at 296-97 (quoting *Diaz*, 56 Va. App. at 114).

Employer applications for a hearing to terminate or suspend benefits are governed by Rules 1.4 and 1.5 of the Virginia Workers' Compensation Commission. As the Commission has interpreted those rules, an employer's application "will be rejected unless the employer's designated supporting documentation is sufficient to support a finding of probable cause to believe the employer's grounds for relief are meritorious." *Cir. City Stores, Inc. v. Scotece*, 28 Va. App. 383, 386 (1998) (collecting Commission decisions); *Food Lion, LLC v. Dalton*, 50 Va. App. 713, 719 (2007). The Commission has defined "probable cause" to mean a "reasonable ground for belief in the existence of facts warranting" the relief requested. *UPS v. Ilg*, 54 Va. App. 366, 372 (2009) (quoting *Cir. City Stores*, 28 Va. App. at 387). The probable-cause test is "designed to serve as a screening device for eliminating obviously unmeritorious

- 4 -

applications for hearings filed by insurers and employers." *Id.* (quoting *Dillard v. Indus. Comm'n of Va.*, 416 U.S. 783, 795 (1974)).

Employer argues that because Schofield's benefits were already suspended after its May 10 application was granted, there was no need for a probable-cause finding on its July 10 application. Employer theorizes that the "express reason for a probable cause determination—to protect claimants from unmeritorious suspensions of their benefits—[is] simply not present" in this case because Schofield's benefits had already been suspended. We disagree.

Commission Rule 1.5 does not differentiate between initial and successive employer applications for a hearing. It requires the Commission to "review the . . . application for compliance with the Workers' Compensation Act and the Rules of the Commission." Workers' Comp. Comm'n Rule 1.5(A). Based on the plain language of the rule, we cannot say that it was arbitrary and capricious for the Commission to conclude that a successive application is also subject to probable-cause review. *Accord Carter v. UPS*, JCN VA00001362958, slip op. at 2, 4-5, 2020 VA Wrk. Comp. LEXIS 449, at *2, *4-5 (Aug. 6, 2020) (concluding that an employer's "successive" application for hearing after benefits had been suspended was subject to probable-cause review).

Employer resists that conclusion, relying on *Rapson v. Air Wisconsin*, JCN VA00000522196, 2016 VA Wrk. Comp. LEXIS 335 (July 12, 2016). Employer reads *Rapson* to show that probable-cause review is not required when benefits have already been suspended based on an earlier application for hearing.

But *Rapson* is too fact-specific to support that broad reading. The employer in *Rapson* filed three applications for hearings, all seeking to terminate the claimant's outstanding award. The first application was referred to a hearing docket; the Commission affirmed that referral but had not yet issued an opinion on the merits. *Id.* at 2, 2016 VA Wrk. Comp. LEXIS 335, at *2.

The employer then filed two more applications for hearings. *Id.* at 2-3, 2016 VA Wrk. Comp. LEXIS 335, at *2-3. The claims examiner found that, because "the judicial outcome of the [first] application [would] determine whether . . . additional payment of compensation is due and if another hearing is necessary for the successive applications," a probable-cause ruling on the second and third applications should be deferred. *Id.* at 3, 2016 VA Wrk. Comp. LEXIS 335, at *4. The Commission affirmed that ruling. *Id.* at 4, 2016 VA Wrk. Comp. LEXIS 335, at *6. It noted that the outcome of the first application would "impact directly the successive filing[s]." *Id.* at 2, 2016 VA Wrk. Comp. LEXIS 335, at *3. Thus, "the final outcome of the pending [first] application will determine whether the subsequent applications will be referred to the docket." *Id.* at 2-3, 2016 VA Wrk. Comp. LEXIS 335, at *5.

*Rapson* does not support employer's claim that the probable-cause requirement for a successive-hearing application is excused when benefits have already been suspended. For one thing, the subsequent procedural history in *Rapson* refutes that theory. *See Rapson v. Air Wisconsin* (*Rapson II*), JCN VA00000522196, 2017 VA Wrk. Comp. LEXIS 235 (Apr. 28, 2017). In that later proceeding, the Commission determined that the claims examiner erred by failing to make a probable-cause determination on the second and third applications. It ruled that the employer's successive applications for hearing "should not have been docketed without first being reviewed" for probable cause. *Id.* at 5, 2017 VA Wrk. Comp. LEXIS 235, at *7.

For another thing, the procedural posture of this case distinguishes it from *Rapson* because employer's two applications for hearings here were unrelated. Employer's first application, if successful, would only have reduced Schofield's award from temporary-total disability to temporary-partial disability. Employer's second application sought to vacate Schofield's award entirely based on her alleged fraud and concealment.

In short, we cannot say that the Commission acted arbitrarily by interpreting its rules to require that employer show probable cause to justify its request for a successive hearing.

### B. The Commission's finding of no probable cause (Assignment of Error II)

Employer also argues that the Commission erred in finding no probable cause to support the fraud allegation. It says that the Commission applied its rules incorrectly by requiring employer "to establish a *prima facie* case" of fraud.

Whether an employer's hearing application has established probable cause for terminating or suspending benefits is a question of law that we review de novo. *See Ilg*, 54 Va. App. at 379 (finding "as a matter of law" that the evidence in the employer's hearing application established probable cause to refer the matter to a hearing). The Commission "has defined the standard of 'probable cause' as '[a] reasonable ground for belief in the existence of facts warranting the proceeding complained of.'" *Id.* at 372 (alteration in original) (quoting *Cir. City Stores*, 28 Va. App. at 387).

We agree with the Commission that employer's application here failed to show probable cause that any mistake or fraud had occurred. Employer alleged that Schofield committed fraud by not informing the insurance carrier, when Schofield was injured in December 2022, that she was teaching a private lesson as an independent contractor, not a group lesson as an employee. But employer's application failed to allege any facts to show that Schofield was injured while teaching a private lesson, rather than a group lesson.[3] Employer's claim was also undermined by its supporting documents—portions of Schofield's deposition and the insurance adjuster's affidavit. Schofield affirmed twice in her deposition that she was teaching a group lesson when

---

[3] Employer grudgingly admits this on brief: "Admittedly, hypercritical reading of the affidavit could lead one to the conclusion that one specific element of the alleged fraud hasn't been expressly alleged: that the claimant's injury actually occurred during a time that she was providing a private lesson . . . ."

she was injured. And the insurance adjuster swore in his affidavit that Schofield told him that she was injured while teaching a group lesson.

The Commission found, "crucially, [that] there is no evidence suggesting that [Schofield] was performing a private lesson rather than a group lesson at the time of the accident." The Commission thus determined that employer's application lacked sufficient probable cause to "establish fraud, concealment, misrepresentation, imposition, or mistake," or that the case otherwise required the Commission to "exercise its authority to do full and complete justice." Employer has failed to identify any legal error in that ruling.

We also reject employer's final argument (Assignment of Error 3) that the Commission failed to consider employer's other legal theories, such as mutual mistake or fraud by omission. Without a factual predicate to show that Schofield was injured while teaching a private lesson as an independent contractor, those other theories are not viable either.

CONCLUSION

We find no basis to disturb the Commission's determination.

*Affirmed.*